UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------- x
JOANNA M. SNYDER,                               :
                                                :
                    Petitioner,                 :
                                                :         MEMORANDUM OF
            -against-                           :         DECISION
                                                :
STOVER,                                         :         23-CV-1512 (VDO)
                                                :
                    Respondent.                 :
------------------------------------------------------------- x
```

**VERNON D. OLIVER**, United States District Judge:

      Petitioner Joanna M. Snyder is a federally sentenced inmate currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). She brings this action *pro se* under 28 U.S.C. § 2241 seeking time credits under the First Step Act ("FSA") for the period before she was sentenced and asks that the time credits be immediately applied to her sentence. In response to the Court's order to show cause, Respondent argues that the petition should be denied because Petitioner is ineligible for the time credits she seeks. For the following reasons, the petition is denied.

**I.      BACKGROUND**

      On August 24, 2023, Petitioner was sentenced in the United States District Court for the District of Montana to a twenty-four-month term of imprisonment with a five-year term of supervised release for wire fraud in violation of 18 U.S.C. § 1343. Doc. No. 13-1, Breece Decl. ¶ 4 & Ex. A.

      From August 24, 2023 until October 11, 2023, when she arrived at FCI Danbury, Petitioner was in the custody of the United States Marshal Service ("USMS"). Until September 15, 2023, Petitioner was held at a USMS-contract non-BOP facility, at which time she was

transferred as a USMS prisoner to the Federal Transfer Center in Oklahoma City ("FTC Oklahoma City"). *Id.* ¶¶ 6-7 & Ex. B, C. Bureau of Prisons ("BOP") records show that Petitioner did not participate in any programming while at FTC Oklahoma City. *Id.* ¶ 8.

## II.     LEGAL STANDARD

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006).

## III.    DISCUSSION

Petitioner seeks FSA time credits for the period she was in custody prior to sentencing, November 10, 2022 through August 24, 2023. She attaches to her reply brief a list of courses she completed prior to August 24, 2023, Doc. No. 11-1, and asks the Court to order that time credits for these courses be immediately applied to her sentence. She also challenges the BOP's interpretation of the FSA and contends that she was supposed to begin earning time credits at the time of sentencing, not the time of her arrival at FCI Danbury.

On December 21, 2018, Congress enacted the First Step Act ("FSA"), which was intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs"). Inmates earn time credits upon successful participation in these activities and the time credits qualify the inmates for early release from custody. *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). An inmate "may earn time credits only for completing programs to which he has been specifically assigned based on his particular recidivism risk." *Milchin v. Warden*, No. 3:22-CV-195(KAD), 2022 WL 1658836,

at *3 (D. Conn. May 25, 2022). Application of the time credits will enable an inmate to be transferred sooner to prerelease custody, either in a residential reentry center, on home confinement, or supervised release. *See* 18 U.S.C. § 3624(g).

Eligible inmates assessed as minimum or low risk of recidivism earn 10 days of time credits for every 30 days of successful participation in the programs. 18 U.S.C. § 3632(d)(4)(A)(i). If an eligible inmate is determined to be a minimum or low risk of recidivism for two consecutive assessments, that inmate earns 15 days of time credits for every 30 days of successful participation in the programs. 18 U.S.C. § 3632(d)(4)(A)(ii). Although an inmate accumulates FSA time credits each month, she is eligible to have those credits applied only when she has "earned time credits under the risk and needs assessment system ... in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A); *see also Pujols v. Stover*, No. 3:23-cv-564(SVN), 2023 WL 4551423, at *2 (D. Conn. July 14, 2023) (collecting cases).

Time credits, like good conduct time, may be lost. *See* 28 C.F.R. § 523.43 (entitled Loss of FSA Time Credits); 28 C.F.R. § 541.3.(loss of FSA time credits is an available sanction for prohibited acts). For this reason, the statute provides that, while time credits may be accumulated each month, an inmate is not eligible to have those credits applied until the inmate has accumulated "earned time credits under the risk and needs assessment system ... in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). At that time, the time credits can be immediately applied and would no longer be subject to loss for future prohibited acts.

"A prisoner may not earn time credits ... for an evidence-based recidivism reduction program that the prisoner successfully completed ... during official detention prior to the date

3

that the prisoner's sentence commences under section 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii). Section 3585(a) provides: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Petitioner was sentenced on August 24, 2023. Even assuming she was received in custody for transportation to FCI Danbury and, therefore, that her sentence commenced on that date, all of the courses for which she seeks time credit were completed before August 24, 2023. Thus, according to statute, she was not eligible to earn time credits for those courses.

In addition, Petitioner is eligible for time credits only for completing programs to which she was specifically assigned based on her particular recidivism risk. Petitioner states that she was not assessed until August 30, 2023 and that she was deemed a low risk of recidivism at that time. Doc. No. 11 at 1. Thus, it is impossible that she was assigned to any of the programs for which she seeks time credits based on her particular recidivism risk.

Petitioner also challenges BOP policies interpreting the FSA. She references the period between sentencing and her arrival at FCI Danbury and argues that BOP policy incorrectly establishes the date she may begin earning FSA time credits as the date of her arrival at FCI Danbury. She does not, however, identify any program to which she was specifically assigned during that period and Respondent states that there is no record of Petitioner attending any programs while confined at FTC Oklahoma City, the only BOP facility in which she was confined during this period. Thus, the Court need not determine the correctness of the BOP's policy interpreting the date a prisoner may begin earning FSA time credits. As Petitioner is not entitled to the time credits she seeks based on the statutes without consideration of BOP interpretations, Petitioner's challenge is denied as moot.

4

## IV. CONCLUSION

The petition for writ of habeas corpus [Doc. No. 1] is **DENIED.** The Clerk is directed to enter judgment in favor of Respondent and close this case. Any appeal from this judgment would not be taken in good faith.

**SO ORDERED.**

Hartford, Connecticut
May 9, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge